Nov. Term,
. 1849.

RAWLEY
v.
DOE.

---

RAWLEY *v.* DOE on the Demise of CARPENTER.—In error.

*McGarey's* enlargement of *Evansville* was intended to correspond with the original plat of that city, as to the size of the blocks.

THIS was an action of ejectment in which the plaintiff below succeeded.

The only question in the case is, whether the blocks in

the lower, or *McGarey's* enlargement of *Evansville*, are 18 poles square, or 18 poles one way by 18 poles and 18 links the other.    It is agreed that if said blocks are 18 poles and 18 links in length the judgment is right.

It seems that this question depends on the construction to be given to the plat of said enlargement as made by *McGarey*, the proprietor.    The specifications annexed to the plat are as follow:

" This enlargement of *Evansville* is laid out *agreeably to the original plan*, except the variation in the courses, viz: the blocks, or squares, are laid out *eighteen poles square*, making eight lots in a block, with an alley 12 feet wide passing through the centre of each block, except the front lots.    *Water* street is 100 feet wide; all the other streets are 60 feet wide throughout the place.    The fractional lots, Nos. 1 and 2, lying between the original place and the present enlargement, and fractional lot, No. 3, lying between *Water* street and the river, including all the ground fronting the river."

By the original plan of *Evansville* the squares were laid out to measure 18 poles by 18 poles and 18 links.

There are no known monuments by which the size and boundaries of the squares in said enlargement, as actually surveyed and originally laid out, could be ascertained, and the Court below appears to have held, on the trial, that the enlargement was intended to correspond with the original plan of the city as to the size of the squares, notwithstanding the specification in the *videlicet* that they are to be 18 poles square.    From an examination of both plats, and the specifications accompanying them, we think it may be fairly inferred that such was the intention of the proprietor, and, as the Court below has so determined, we shall not disturb said judgment.